IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE ONE STAFFING, INC.<br><br>Defendant. | No. 11-cv-6754<br><br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, SOURCE ONE STAFFING, INC. ("Source One"), by its attorneys, for its Memorandum of Law in Support of its Motion for Summary Judgment on the Complaint filed by Plaintiff, the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"), states:

**INTRODUCTION**

1.    On September 26, 2011, the EEOC filed a one count action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The litigation arises out of three separate Charges of Discrimination (Complaint ¶ 1.)

2.    In the Complaint, the EEOC alleges that Source One committed unlawful employment practices by, generally: (a) subjecting certain female employees to a hostile work environment; (b) discriminating against both male and female employees by failing to refer those employees for certain job assignments based on the employees' gender; and (c) discriminating

against female employees by assigning and/or referring them to positions with lower pay, fewer hours, and/or lesser opportunity for permanent placement than their male counterparts. (Complaint ¶¶ 9-10.)[1]

3. The three Charges of Discrimination that form the basis of the EEOC's Complaint do not assert, or even imply, discrimination based on gender or a hostile work environment. Those three Charges of Discrimination are based solely on sexual harassment and retaliation. Since there is no reasonable relationship between the Charges of Discrimination and the allegations contained in the Complaint, the EEOC's Complaint and cause of action is fatally flawed. Neither the Charging Parties nor the EEOC exhausted their administrative remedies and Source One is therefore entitled to summary judgment.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986), *citing* FRCP 56. If there is doubt about the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment ought to be denied. *Wolf v. Fitchburg*, 870 F.2d 1327, 1330 (7th Cir.1989). On the other hand, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994), *citing Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

---

[1] The Complaint makes no mention of sexual harassment.

## ARGUMENT

### SOURCE ONE IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NOT A REASONABLE RELATIONSHIP BETWEEN THE ALLEGATIONS IN THE SUBJECT CHARGES AND THE CLAIMS IN THE COMPLAINT.

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the claimant's EEOC charge. *Cheek v. Western and Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion and of giving the employer some warning of the conduct about which the employee is aggrieved. *Cheek*, 31 F.3d at 500. Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply prior to filing a complaint with the court. *Id.* Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. *Id.*

The test for determining whether an EEOC charge encompasses the claims in a complaint grants the Title VII plaintiff significant leeway: all Title VII claims set forth in a complaint are cognizable that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id., quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976). Thus the *Jenkins* test is satisfied if: (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.*

In *Cheek,* the plaintiff filed an EEOC charge against her employer, alleging that she was "constantly intimidated" by her sales manager and forced to pay her clients' insurance premiums.

*Id.* at 499. In the charging document the plaintiff filed with the EEOC, the plaintiff checked the "sex" discrimination box as one of the bases of her charge. *Id.* at 500. The plaintiff then brought suit against her employer in federal court. *Id.* at 499. Among the allegations in her complaint, the plaintiff alleged that her district manager created a hostile work environment by sexually harassing the plaintiff and other female employees. *Id.* After the district court granted the employer's motion for summary judgment, the plaintiff appealed.

On appeal, the Seventh Circuit Court of Appeals affirmed because it determined that the plaintiff's hostile work environment claim did not arise out of her EEOC charge because it did not describe the same conduct or implicate the same individuals. *Id.* at 502. The plaintiff's EEOC charge described intimidation and forced payment of premiums and implicated her sales manager, while her complaint described sexual harassment and implicated her district manager. *Id.* The Seventh Circuit also stated that while it could conceive of circumstances under which a sexual harassment claim could be inferred from the plaintiff's EEOC claim, such an inference would be unreasonable based under the circumstances because the allegations of the plaintiff's complaint did not match the conduct set forth in her EEOC charge. *Id.* at 504. This was so even though the plaintiff's EEOC charge asserted the same basis for discrimination—gender—that the plaintiff claimed in her lawsuit.

In a recent case in this District, *Flower v. City of Chicago*, Case No. 11 C 7482, 2012 WL 983786 (N.D. Ill. March 22, 2012), the court, relying heavily on *Cheek*, dismissed the plaintiff's Title VII claim. In *Flower*, the plaintiff in her charge filed with the EEOC asserted that she was the subject of gender discrimination and retaliation. As the bases for those claims, the plaintiff claimed that she was subjected to a hostile work environment in that her supervisor forced her to work on a project with another individual who sexually harassed her. *Id.* at *3. In her

4

complaint, the plaintiff added allegations not found in her EEOC charges, that she was discriminated against due to her pregnancy. *Id.* Importantly, the court noted that pregnancy-based discrimination is defined as "gender discrimination" under Title VII; however, the court dismissed the plaintiff's Title VII claim because nowhere in the plaintiff's charge did she say she was discriminated against based on pregnancy. *Id.* at \*4.

In yet another similar case in this District the court ruled that an EEOC claimant must exhaust its/his/her administrative remedies and file charges with the EEOC asserting discrimination prior to filing a claim with the court. In *Shepherd v. Village of Glendale Heights*, 2011 WL 6102012(N.D. Ill. December 5, 2011) Judge Holderman granted the defendant, Village of Glendale Heights', Motion to Dismiss because a Title VII plaintiff is not permitted to file claims in court that were not included in her administrative EEOC charge. *Village of Glendale Heights, Id.* at \*3. More specifically, Judge Holderman found that the plaintiff's sexual harassment claims and racial harassment claims are not alike or reasonably related to her EEOC charge of discrimination. Judge Holderman stated that plaintiff's sexual harassment claim as contained in her complaint alleges that the Village of Glendale Heights subjected her to vulgar and abusive jokes and references to her sexual anatomy and inappropriate comments and questions regarding plaintiff's personal life and her relationship with her husband. *Id.* at \*3. On the other hand, plaintiff's racial harassment claim alleges that the village subjected her to abusive language and commentary regarding her natural hair and abusive language and commentary about her speech patterns being too black.

Plaintiff's EEOC charge alleged only that she "was subjected to harassment" in different terms and conditions of employment including, but not limited to being scrutinized more closely about timecards, investigative reports, and sick leave while similarly situated non-female, non-

black employees were not. The court stated that although plaintiff used the term "harassment" in her EEOC charge, the factual allegations supporting her charge <u>point only</u> to conduct amounting to unequal treatment on the basis of her sex and race. *Id.* at *3.

The court stated that allegations of unequal treatment are different than allegations of hostile work environment. Citing, *Cheek v. Western & Soutern Life Insurance Company*, 31 F.3d 497, 500 (7th Cir. 1994). The court stated that the EEOC defines sexual harassment as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when such conduct has the purpose or affect of unreasonably interfering with an individual's work performance or creating an intimidating hostile or offensive working environment. 29 CFR §1604.11(a).

Judge Holderman concluded that:

> As in *Cheek*, where the court found that a claim of sexual harassment could not reasonably be inferred from the plaintiff's allegation in her EEOC charge that her manager treated her in a hostile, inferior, unprofessional manner, (plaintiff's) use of the term harassment does not, without more, suggest a sexual harassment claim. Judge Holderman dismissed Counts II and IV of Shepherd's Complaint for failure to exhaust EEOC remedies.
> *Id.* at *3.

The line of cases set forth above illustrate that the EEOC cannot maintain a cause of action in this court for claims that were never contained in a charge of discrimination "filed" with or by the EEOC. The EEOC's claims that Source One is discriminating based on gender selection, selecting employees for assignments based on gender are not charged by the EEOC in the charges that ultimately form the allegations of the Complaint.[2] The EEOC's Complaint is also defective because the Charges of Discrimination that form the basis of the Complaint do not allege a hostile work environment. Thus, based on the foregoing, Source One submits that summary judgment is

---

[2] The EEOC admits that in answers to interrogatories the only charges of discrimination that form the basis of the complaint are those charges attached as Exhibits A, B and C. See Exhibit D.

6

appropriate in its favor and against the EEOC on its Complaint. Yet such claims are both alleged in the EEOC's Complaint filed here.

### A. The Gender-Based Discrimination Alleged in the Complaint Is Not Mentioned Anywhere in the Charges and Therefore Such a Claim Is Not Reasonably Related to the Assertions Contained in the Charges of Discrimination.

In the case at bar, the EEOC has confirmed that Charges of Discrimination Nos. 440-2007-08268, 440-2007-08256 and 440-2007-08263 (Exhibits A, B and C) form the sole bases of the EEOC's Complaint against Source One. (EEOC's Responses to Source One's Second Set of Interrogatories to EEOC at 19.) The "sex" and "retaliation" boxes were checked on all three of those Charges of Discrimination. (Exhibits A, B and C.) All three Charges of Discrimination also indicated that the Charging Parties and other females were sexually harassed by their supervisor, Saul Alfaro and then fired in retaliation for not acceding to Alfaro's sexual harassment demands. (Exhibits A, B and C.)

In stark contrast to the Charges of Discrimination the Charging Parties filed here, the EEOC, in its Complaint, alleges that Source One discriminated against: (1) both male and female employees by failing to refer those employees for certain job assignments based on the employees' gender; and (2) female employees by assigning and/or referring them to positions with lower pay, fewer hours, and/or lesser opportunity for permanent placement than their male counterparts. (Complaint ¶¶ 9-10.) Such claims are simply non-existent in the Charges of Discrimination.

As was the case in *Cheek, Flower* and the *City of Glendale Heights* cases, the claims alleged by the EEOC in the instant Complaint are based on conduct that is not identified anywhere in the corresponding Charges of Discrimination. (Exhibits A, B and C.) The Charges of Discrimination do not contain <u>any</u> assertions of failing to refer employees for job assignments based on gender (Complaint ¶ 9.b. and 9.c.), or subjecting employees to unequal pay, fewer

7

hours and/or lesser opportunity for placement as the Complaint alleges. (Complaint ¶ 9.d.) There are no facts at all asserted in any of the charging parties' Charges of Discrimination that support the gender based discrimination claims alleged in the EEOC's Complaint.

Based on the foregoing, since the Charges of Discrimination (Exhibits A, B and C) contain no allegations of gender based discrimination, it is abundantly clear that Source One had neither fair warning of what is being complained of in the Complaint nor the ability to voluntarily resolve those particular claims. Neither the EEOC nor the Charging Parties exhausted their administrative remedies. Therefore, based on the foregoing, Source One submits it is entitled to summary judgment on the Complaint as it relates to any claims of gender based discrimination.

### B.   The EEOC's Hostile Work Environment Claims in the Complaint Are Not Reasonably Related to the Assertions Contained in the Charges of Discrimination.

Source One concedes that the Charging Parties asserted in their Charges of Discrimination claims for sexual harassment by Saul Alfaro, a supervisor at Promens. In its Complaint, however, the EEOC only alleges that Source One subjected the Charging Parties (and a class of female employees) to a hostile work environment. (Complaint ¶ 9.a.) Although there are assertions of sexual harassment in the Charges of Discrimination, nowhere do the Charging Parties assert claims for a hostile work environment.[3] A claim for a hostile work environment does not arise out of a claim for sexual harassment. *Cheek*, Id. at 502. More so than *Cheek*, where summary judgment was granted in the employer's favor the allegations of the charge did not match the allegations of the complaint, in the case at bar, it is impossible to even conceive of the bases for the hostile work environment of which the EEOC complains. Therefore, Source

---

[3] In fact, EEOC makes no mention of sexual harassment in its Complaint.

One respectfully submits that summary judgment on this issue is appropriate as well.

## CONCLUSION

For the foregoing reasons, it is clear that Source One is entitled to judgment as a matter of law on the EEOC's Complaint. The allegations of the Complaint simply do not reasonably relate to the claims asserted in the Charges of Discrimination.

WHEREFORE, Defendant, Source One Staffing, Inc., respectfully requests that this Honorable Court grant it summary judgment on the EEOC's Complaint and any other relief this Court deems appropriate.

Respectfully submitted,

SOURCE ONE STAFFING, INC.

/s/Elliot S. Wiczer
One of its Attorneys

Elliot S. Wiczer (ARDC #6208432)
John M. Sheldon (ARDC #6256666)
Foreman Friedman, PA
500 Skokie Blvd., Suite 325
Northbrook, IL 60062
(847) 849-4850

## CERTIFICATE OF SERVICE

I, Elliot S. Wiczer, an attorney, do hereby certify that on August 3, 2012, I caused copy of the Defendant's Memorandum of Law in Support of Motion for Summary Judgment to be filed electronically with the Court and to be served upon the parties listed below via CM/ECF, the Court's electronic filing system:

>   Grayson Walker (GRAYSON.WALKER@EEOC.GOV)
>   U.S. Equal Employment Opportunity Commission
>   500 W. Madison Street, Suite 2000
>   Chicago, IL 60661

>   /s/Elliot S. Wiczer
>   Foreman Friedman, PA
>   500 Skokie Blvd., Suite 325
>   Northbrook, IL 60062
>   (847) 849-4850
>   (ewiczer@fflegal.com)