Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6754 | **DATE** | 10/18/2012 |
| **CASE TITLE** | U.S. Equal Employment Opportunity Commission vs. Source One Staffing, Inc. | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Plaintiff EEOC's Motion to Compel Payroll Data [44] is granted for the reasons stated on the record. Defendant Source One shall produce its payroll records from January 2007 forward within five (5) business days of the date of this order. Plaintiff EEOC's Motion for a Protective Order Quashing Subpoenas and Barring Depositions [41] is granted in part and denied in part also for the reasons stated on the record. Plaintiff's Motion for Leave to File a Reply in Support of its Motion for Protective Order [49] is granted. See Statement below for further details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

00:30

# STATEMENT

Based on Ms. Guadalupe Maldonado's statement at her deposition that she lives with her two brothers, Messrs. Antonio and Lorenzo Maldonado, and that she has discussed this case with them, it is reasonable to believe that Ms. Maldonado's brothers may have knowledge of facts that are relevant to the claims and defenses in this case or reasonably could lead to the discovery of admissible evidence.

The EEOC, however, has raised a bona fide concern that an unlimited deposition of either Maldonado brother is unnecessary in this case. The EEOC also argues that the possibility that family members could be drawn into litigation of this type might deter or have a chilling effect upon people similarly situated to Ms. Maldonado who might not otherwise come forward and report sexual harassment or employment discrimination. At the same time, however, the Court notes that it is not unusual for a spouse or other adult family members who live with a plaintiff to be deposed in employment discrimination or other cases, and particularly where a plaintiff is seeking emotional distress damages.

The Court concludes, therefore, that Defendant Source One should be permitted to depose Ms. Maldonado's brothers, or either one of them, if it chooses to do so, but subject to the following limitations:

1. Each deposition shall last no more than 1 hour.

2. Source One is permitted to inquire only about the following subjects: (1) what Ms. Maldonado has told her brothers about this case, and what they discussed with her about that subject; (2) what Ms. Maldonado told her brothers about her employment with Source One or her work at Promens USA, Inc., and what they discussed with her about those subjects; and (3) what Ms. Maldonado told her brothers about her "emotional pain, suffering, loss of enjoyment of life or humiliation" as alleged in the EEOC's complaint, what they may have discussed with Ms. Maldonado about those subjects, and what they

| STATEMENT |
|---|

observed about Ms. Maldonado that may be relevant to those aspects of the EEOC's damage claim on behalf of Ms. Maldonado.

3. Source One specifically shall not inquire about Antonio or Lorenzo Maldonado's citizenship, their emigration from Mexico to the United States, or their employment histories. At this juncture in the litigation, the Court finds that the potential prejudice to the EEOC's ability to prosecute this case effectively, the oppression, burden, and possible embarrassment or annoyance to Ms. Maldonado or other witnesses of allowing Source One to inquire into these matters at this time outweighs the potential benefit for discovery purposes within the meaning of FRCP 26(c).

4. This limitation on the scope of the depositions of the Maldonado brothers is without prejudice to either party's ability to inquire at trial into the matters excluded from the deposition inquiry as the trial judge may permit under the Federal Rules of Evidence.

It is so ordered.