FILED
12/3/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
EP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE ONE STAFFING, INC.<br><br>Defendant. | No. 11-cv-6754<br><br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT'S RESPONSE IN OPPOSITION TO EEOC'S MOTION FOR PROTECTIVE ORDER BARRING DEFENDANT'S RULE 30(B)(6) DEPOSITION**

Defendant, SOURCE ONE STAFFING, INC. ("Source One"), by and through its attorneys, for its Response in Opposition to Plaintiff, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION's ("EEOC") Motion for Entry of Protective Order Barring Source One's Notice of Rule 30(b)(6) Deposition ("Motion for Protective Order"), states:

**INTRODUCTION**

This action commenced on September 26, 2011 when EEOC filed a Complaint against Source One pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. Although EEOC has been investigating Source One now for five years, EEOC has never once disclosed a single "class" plaintiff in this litigation. Though Source One has provided EEOC with nearly every document relating to its business, EEOC has provided almost no information supportive of its claims. When Source One attempts to take almost any discovery, EEOC meets Source One's request with objections and motion practice. On the one hand, there is EEOC, with free reign to litigate under the broad specter of the federal rules of discovery. On the other hand, there is

Source One, who must plead with EEOC and provide EEOC with reasons behind each and every deposition notice or subpoena it attempts to serve. This time around, Source One simply seeks a 30(b)(6) deposition, a deposition that is common in almost every federal case involving a party that is not an individual. As has been its tactic throughout this litigation, EEOC has conditioned any such deposition upon an adequate showing from Source One as to why such a deposition should be permitted to go forward. Now, having been provided with that showing, in the form of correspondence and case law, EEOC is still not satisfied so it has taken to filing its Motion for Protective Order. Source One submits that EEOC's motion should be denied and fees assessed.

## BACKGROUND FACTS

As this Court is no doubt aware from prior filings, EEOC's Complaint arises out of charges filed by three individuals, Jazmin Marin, Guadalupe Maldonado and Araceli Posadas (collectively, the "Charging Parties"). The EEOC charges filed by the Charging Parties are limited to Title VII charges of sexual harassment and retaliation. At no time during EEOC's investigation did EEOC advise Source One that EEOC's investigation was related to gender based discrimination of a class of persons until EEOC served its purported conciliation letter upon Source One in July of 2011.

Source One is a staffing company that provides temporary labor services to its customers. Source One places its employees, such as the Charging Parties, at different customer locations wherein its employees provide services at the exclusive direction and control of Source One's customer. Source One has no supervisory authority over its employees while they are working at the customer's location; Source One's customer exclusively controls the employees.

The Charging Parties worked for some period of time for a Source One customer named Bonar Plastics, Inc. ("Bonar"). In the Complaint, EEOC alleges that a Bonar supervisor sexually

harassed the Charging Parties. The Complaint also alleges that the Charging Parties were retaliated against as a result of the charges they filed with EEOC.

During its investigation of the Charging Parties' claims, and prior to the filing of this action, EEOC requested numerous documents from Source One, most of which were wholly unrelated to any charges being made by the Charging Parties. In response, Source One served upon EEOC over five thousand documents. At no time during its investigation did EEOC disclose to Source One that EEOC was contemplating a class action for claimants other than the Charging Parties. Nor did EEOC ever disclose to Source One that it was being investigated for purported violations relating to gender discrimination on a class-wide basis.

On or about July 22, 2011, after the charges had been pending for five years, EEOC issued an Amended Determination relating to the three charges the Charging Parties filed.[1] Through the Amended Determination, Source One was advised for the first time that EEOC was seeking some type of "class action" relief on behalf of Source One employees. In addition, for the first time, Source One realized that EEOC was asserting that Source One engaged in pattern and practice discrimination. At no time did EEOC disclose the names of any class claimants or disclose the size of the purported class.

During the course of this litigation, Source One has disclosed to EEOC every business document it has in its possession from 2007 to 2011 with little exception. For example, Source One made available and produced to EEOC Source One's business records, including its entire database and payroll information that Source One uses in the operation of its business. In fact, during discovery in this cause, Source One produced a roster of employees from 2007 to 2011. The roster includes approximately 10,000 Source One employees. EEOC has stated in its answer to an interrogatory that each and every one of those employees represents the class.

---

[1] EEOC issued an original Determination on May 24, 2011.

To the contrary, EEOC has produced almost no documents.[2] Rather, EEOC has merely regurgitated documents Source One produced to EEOC during EEOC's investigation. More troubling is that for months Source One has attempted to take the FRCP 30(b)(6) deposition of an EEOC representative only to be repeatedly thwarted by EEOC along the way. Now, with the parties at a clear impasse on this issue, EEOC has filed its Motion for Protective Order instead of simply producing a witness required under the rules. That motion should be denied.

## ARGUMENT

While EEOC argues that the topics set forth in Source One's Rule 30(b)(6) deposition notice are improper, it is clear that the topics sought are proper and highly relevant to this litigation. Moreover, EEOC's attempt to be treated differently than other parties in litigation is not well founded. Source One has listed ten topics that it intends to question EEOC's 30(b)(6) representative; however, EEOC has objected to each topic.[3]

The mere fact that EEOC has produced its administrative file and the possibility that EEOC might have produced documents that relate to the 30(b)(6) deposition do not relieve EEOC of its obligation to produce a 30(b)(6) deponent. Therefore, the Court should deny EEOC's Motion for Protective Order.

**I.        Topic No. 2 Is an Appropriate Area of Inquiry.**

For topic No. 2 ("Topic 2"), Source One seeks:

2. Policies, procedures and/or practices the EEOC used that determined or affected the scope of the investigation conducted and/or the Complaint the EEOC filed against Source One including, but not limited to the factors the EEOC took

---

[2] In addition to its administrative files which merely regurgitated Source One's production to it, only recently EEOC produced documents relating to its independent investigation of Bonar. That production occurred on the eve of Source One's deposition of a Bonar employee resulting in Source One being forced to postpone the deposition. The Bonar documents relate only to the Charging Parties' charges of harassment and are unrelated to the class gender discrimination claims.
[3] Source One agreed to defer on two of those topics.

4

into account when determining the group of charging parties and class member Plaintiffs.

EEOC maintains that such a topic is an inappropriate area of inquiry for a 30(b)(6) deposition. However, this exact topic was deemed appropriate for a Rule 30(b)(6) deposition in *EEOC v. Kaplan Higher Education Corp.*, No. 1:10 CV 2882, 2011 WL 2115878 (N.D. Ohio May 27, 2011). The court in *Kaplan* found that this inquiry was relevant. Furthermore, nothing in the case EEOC cites, *EEOC v. Caterpillar, Inc.*, 409 F.3d 831 (7th Cir. 2005), contradicts this assertion. In fact, in *Caterpillar*, the Seventh Circuit does not address any issue relating to 30(b)(6) depositions.

According to EEOC, Topic 2 improperly delves into the sufficiency of EEOC's administrative investigation, an inquiry *Caterpillar* prohibits. However, contrary to EEOC's argument, the purpose of Topic 2 is not to question the existence of probable cause to sue. Rather, it is to determine who the purported class claimants are, the allegations of those class claimants, their purported damages (if any), and whether EEOC ever investigated the class claimants' individual claims as required under *EEOC v. CRST Van Expedited Inc.* ("*CRST*"), 679 F.3d 657 (8th Cir. 2012).

In *CRST*, the Eighth Circuit noted that while EEOC may seek relief on behalf of individuals beyond the charging parties and for alleged wrongdoing beyond those originally charged, it must discover such individuals and wrongdoing *during the course of its investigation.* *CRST*, 679 F.3d at 674. The *CRST* court stated:

> "The Letter of Determination did not provide CRST with any notice as to the size of the 'class of employees and prospective employees [subjected] to sexual harassment.'" And, during conciliation, the EEOC was unable "to provide [CRST] names of all class members ..., or an indication of the size of the class." Likewise, "the EEOC's Complaint provides no indication of how many 'similarly situated female employees' the EEOC alleged to exist." It was not until *after* the commencement of the instant suit that the EEOC sought to ascertain the size of the class. ("On May 29, 2008, for example, the EEOC sent 2,000 letters to former

5

> CRST female employees to solicit their participation in this lawsuit. On September 28, 2008, the EEOC sent another 730 solicitation letters to former CRST female employees. There was a clear and present danger that this case would drag on for years as the EEOC conducted wide-ranging discovery and continued to identify allegedly aggrieved persons. The EEOC's litigation strategy was untenable: CRST faced a continuously moving target of allegedly aggrieved persons, the risk of never-ending discovery and indefinite continuance of trial."). The number of purported class members continuously changed throughout the discovery process. Ultimately, the EEOC identified 67 members of the "class."

*CRST*, 679 F.3d at 676 (internal citations omitted).

EEOC likes to refer to *CRST* as an "outlier" case, not binding upon or even relevant to these proceedings. However, *CRST*, a case decided approximately six months ago, is one of the more recent circuit court opinions on these matters and has been relied on by federal courts throughout the county, including one recent opinion from this district, *E.E.O.C. v. DHL Exp. (USA), Inc.*, 10 C 6139, 2012 WL 5381219 (N.D. Ill. Oct. 31, 2012) (U.S. Magistrate Judge Keys).

In the case at bar, EEOC has never identified the members of its class.[4] In fact, EEOC has more or less conceded that it has no idea how large the class is. When Source One asked EEOC in an interrogatory to identify the members of the class for which EEOC brought its gender-based discrimination claim, EEOC responded: "[S]ee the employee list produced by Defendant entitled, "Source One Applicant Information 050511.xml." That employee list includes every Source One employee from 2007 to 2011. EEOC cannot seriously maintain that 10,000 male and female employees were the subject of gender discrimination. The fact is the EEOC filed its "class" claims without knowing or identifying a single class claimant. Clearly, Source One should be permitted to inquire regarding Topic 2.

---

[4] In an answer to an Interrogatory, EEOC attempted to identify the class by referring to a document produced by Source One in discovery. That document refers to all 30,000 employees and former employees that worked for Source One from 2007 to 2011.

6

**II.     Topics 5-8 Are Permissible and Do Not Seek the Thoughts and Impressions of Litigation Counsel.**

Next, EEOC argues that Topic Nos. 5 through 8 ("Topics 5-8") are impermissible because they seek EEOC's impression and legal strategy regarding the facts in this case and, as such, are work product. EEOC's suggestion is without merit. Topics 5-8 seek:

> 5. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One subjected a class of female employees to a hostile work environment at the Promens USA, Inc. facility in West Chicago, Illinois.
>
> 6. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One failed or refused to refer a class of female employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex.
>
> 7. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One failed or refused to refer a class of male employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex.
>
> 8. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One subjected a class of female employees to different terms and conditions of employment because of their sex by assigning and/or referring them to positions with lower pay, fewer hours, and/or lesser opportunity for permanent placement.

As with Topic 2, Topics 5-8 have been deemed appropriate topics of inquiry for a Rule 30(b)(6) deposition. *See, e.g., EEOC v. Albertson's LLC*, No. CIVA06CV01273WYDBNB, 2007 WL 1299194 (D. Co. May 1, 2007) and *EEOC v. Kaplan Higher Education Corp.*, *supra*. To the extent EEOC believes any of Source One's questions seek privileged information, EEOC will be free to assert objections. However, to simply raise a blanket objection and refuse to produce a witness on these issues is clearly inappropriate.

In *Albertson's*, the defendant's Rule 30(b)(6) notice contained (among others) the following topics:

7

> 2. Factual information that supports or rebuts the claim by the EEOC that Albertson's subjected any past or present employee at the Distribution Center to a hostile work environment because of his/her race, color, and/or national origin.
>
> 19. Factual information which supports the relief sought by the EEOC in this action, including but not limited to punitive and injunctive relief.
>
> 20. Factual information that supports or rebuts the claim of any potential claimant in this action.

*Id.* at *1.

In *Albertson's*, EEOC argued that the information sought was irrelevant because it was intended to probe the adequacy of the EEOC's investigation and would "saddle every discrimination case with a mini-trial into the sufficiency of the evidence supporting a Commission determination...." *Id.* EEOC also argued similarly to what EEOC argues here, that the information sought was cumulative of the contents of its administrative file. In response to EEOC's arguments, the court stated:

> Albertson's is entitled to conduct discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). Categories 1-2 and 19-20 of the *Rule 30(b)(6) Notice* seek information that is obviously relevant. Nor must Albertson's be content with the EEOC's investigation file. For example, Albertson's may ask what documents were reviewed in the course of the EEOC investigation and what documents evidence that there is discrimination at the distribution center; or Albertson's might ask the identity of persons the EEOC believes have knowledge about the claimed discrimination. The answers to these questions may or may not be in the investigation file, or the information in the investigation file may not be complete.

*Id.* at *1.

EEOC also argued in *Albertson's* that the requested topics would lead to testimony protected by the work product doctrine and the deliberative process privilege. *Id.* at *2. The court disagreed, noting that objections could be raised as to each record sought and each question asked but could not simply refuse to cooperate with discovery. *Id.*, *citing United States v.*

8

*Hodgson,* 492 F.2d 1175, 1177 (10th Cir.1974) and *In re Grand Jury Subpoena,* 697 F.2d 277, 279 n. 1 (10th Cir.1983) (noting that the Tenth Circuit has "explicitly condemned ... a blanket assertion" of privilege). Significantly, the court noted:

> Even the cases cited by the EEOC recognize that some factual discovery may be proper by way of a Rule 30(b)(6) deposition directed at the EEOC. In *EEOC v. American Int'l Group, Inc.,* 1994 WL 376052 (S.D.N.Y. July 18, 1994), for example, the court ordered the EEOC to produce a witness to answer questions concerning (1) the interviews conducted during the investigation and (2) documents and other material reviewed by the deponent in preparation for the deposition, noting:
>
> The disclosure of this information [who was interviewed and what the deponent did to refresh his recollection of the facts in the case] does not reveal the agency's trial strategy or its analysis of the case. For example, knowing who was interviewed does not intrude upon the mental impressions of the attorney. Presumably, the interview process in an investigation includes people and information which will be discarded as the attorney begins the analysis and plans strategy. Similarly, what information a witness reviews in preparation for a deposition does not reveal the thought processes of the attorneys. Documents are reviewed by a deponent for many reasons. There is a distinct difference between asking what was reviewed as opposed to why it was reviewed.

*Id.* at *2.

Based on the foregoing, it is clear that Topics 5-8 are permissible. As set forth above, these topics are virtually identical to those sought in the *Albertson's* 30(b)(6) notice. In that case, the court ruled in favor of the employer and denied EEOC's motion for a protective order. Source One respectfully submits that this Court should rule similarly and deny EEOC's instant Motion for Protective Order.

### III. Topics 1, 4 and 10 Properly Seek Information beyond What EEOC Has Produced.

Finally, EEOC argues that through Topic Nos. 1, 4 and 10 ("Topics 1, 4 and 10"), Source One seeks information already in its possession. In Topics 1, 4 and 10, Source One seeks:

> 1. Information the EEOC obtained during its investigation of Source One.
>
> 4. The names, addresses and phone numbers of all current and former Source One employees the EEOC contacted during its investigation of Source One.

9

>   10. Identify all correspondence or documents the EEOC sent to any Source One current or former employee.

EEOC argues that Topics 1, 4 and 10 are improper because it purportedly produced its entire administrative file to Source One and because "[t]here is nothing more the Commission can provide Source One in response to these Topics." (Motion at p. 10.) However, even if EEOC produced its entire administrative file, Source One should not be limited solely to that administrative file. *Albertson's*, *supra*. In *Albertson's*, the court stated:

> Nor must Albertson's be content with the EEOC's investigation file. For example, Albertson's may ask what documents were reviewed in the course of the EEOC investigation and what documents evidence that there is discrimination at the distribution center; or Albertson's might ask the identity of persons the EEOC believes have knowledge about the claimed discrimination. The answers to these questions may or may not be in the investigation file, or the information in the investigation file may not be complete.

*Id*. at *1.

For Source One simply to be forced to accept EEOC's argument that every scintilla of information it gathered during its investigation is contained in its administrative file and a deposition is not necessary and absurd. Contrary to EEOC's argument at the end of its Motion that Source One is abusing the 30(b)(6) process, Source One submits that it is EEOC that is abusing the discovery process by filing a claim and then refusing to identify a single member of its purported class and stonewalling Source One throughout the discovery process. Clearly, Source One should be permitted to take its 30(b)(6) deposition of EEOC.

"It is well settled that the EEOC's investigation must occur within the "scope of the charge"—that is, it must reasonably grow out of the charge underlying it." *E.E.O.C. v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974, 979 (S.D. Ind. 2003). "It is also well settled that a lawsuit must be like or reasonably related to the underlying EEOC charge." *Id.* The eventual litigation must arise from the "scope of the investigation." *Id.* "Each step along the

administrative path—from charge to investigation and from investigation to lawsuit—must grow out of the one before it." *Id., citing Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000).

WHEREFORE, Defendant, SOURCE ONE STAFFING, INC., respectfully prays that this Honorable Court deny EEOC's Motion for Entry of Protective Order Barring Source One's Notice of Rule 30(b)(6) Deposition.

>Respectfully submitted,
>
>SOURCE ONE STAFFING, INC.
>
>  s/ Elliot S. Wiczer
>
>One of its Attorneys

Elliot S. Wiczer (ARDC #6208432)
John M. Sheldon (ARDC #6256666)
Foreman Friedman, PA
500 Skokie Blvd., Suite 325
Northbrook, IL 60062
(847) 849-4850