IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMSSION | ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 6754 |
| v. | ) ) | Jeffrey T. Gilbert Magistrate Judge |
| SOURCE ONE STAFFING, INC. | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the United States Equal Employment Opportunity Commission's ("EEOC") Motion for Entry of Protective Order barring Defendant's Notice of Rule 30(b)(6) Deposition [Dkt.#58]. Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, the EEOC seeks the entry of a protective order with regard to a number of the deposition topics included in the Rule 30(b)(6) Notice served by defendant Source One Staffing, Inc. ("Source One"). The EEOC argues that the topics requested will elicit testimony that (1) reveals the EEOC's protected litigation strategy, (2) divulges the EEOC's privileged decision-making processes during its administrative investigations prior to the lawsuit, (3) delves into non-reviewable aspects of the EEOC's administrative investigation and pre-suit determination, and (4) duplicates information already provided to Source One.

The Court held a hearing and heard argument on the EEOC's Motion on December 18, 2012. For the reasons discussed in this Opinion and on the record during the December 18th hearing, the Court agrees in part with the EEOC and grants its Motion

for Entry of Protective Order. As discussed more fully below, however, the EEOC's Motion is granted without prejudice to Source One noticing another Rule 30(b)(6) deposition at a later date, if necessary, with a more narrow scope, after the EEOC supplements its answers to certain of Source One's interrogatories.

**BACKGROUND**

The EEOC's investigation arose out of charges against Source One filed by three individuals (the "Charging Parties") based on allegations of sexual harassment and retaliation. On May 24, 2001, the EEOC issued its initial Determination relating to the allegations filed by the Charging Parties. Then, on July 22, 2011, the EEOC issued an Amended Determination and advised Source One that the EEOC also was seeking class-wide relief on behalf of Source One's employees and former employees. The EEOC alleged that Source One had engaged in a pattern or practice of gender discrimination. This action commenced on September 26, 2011 when the EEOC filed a complaint against Source One pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

This Court already has ruled that the EEOC is not required to identify by name each member of the so-called class of aggrieved individuals who allegedly were denied job assignments because of their sex, or estimate the damages resulting from this alleged pattern or practice of gender discrimination, before it completes its analysis of Source One's job assignment and payroll data. On October 18, 2012 [Dkt.#57], the Court compelled the production of Source One's payroll data, and the EEOC's expert now is reviewing that data.[1]

---

[1] Source One refers to a "class" or "class members" presumably as a shorthand for the Source One current and former employees the EEOC alleges were the victims of a pattern or practice of

2

Source One also served interrogatories requesting information from the EEOC about the alleged class-wide claims. [Dkt.#58], Ex.2. The EEOC provided very general responses to those interrogatories and stated: "Investigation continues." *Id.* In a letter dated October 15, 2012, the EEOC says that it will supplement its interrogatory responses after its expert concludes his review of Source One's job assignment and payroll data. EEOC Motion [Dkt.#58], Ex.9.

Source One served a Notice of Rule 30(b)(6) Deposition upon the EEOC on August 1, 2012. [Dkt.#58], Ex.1. The Notice asks the EEOC to identify and produce a witness or witnesses to provide testimony on the following topics:

1. Information the EEOC obtained during its investigation of Source One.

2. Polices, procedures and/or practices the EEOC used that determined or affected the scope of the investigation conducted and/or the Complaint the EEOC filed against Source One including, but not limited to the factors the EEOC took into account when determining the group of charging parties and class member Plaintiffs.

3. The names, addresses and phone numbers of all chaging parties and class member plaintiffs.

4. The name, addresses and phone numbers of all current and former Source One employees the EEOC contacted during its investigation of Source One.

5. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One subjected a class of female employees to a hostile work environment at the Promens USA, Inc. facility in West Chicago, Illinois.

6. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One failed or refused to refer a class of female employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex.

7. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One failed or refused to refer a class of male employees for certain job

---

discrimination. The Court's use of Source One's terminology is not intended to mean that it views this case as a traditional class action.

3

assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex.

8. Information that supports or rebuts the EEOC's allegation in its Complaint that Source One subjected a class of female employees to different terms and conditions of employment because of their sex by assigning and/or referring them to positions with lower pay, fewer hours, and/or lesser opportunity for permanent placement.

9. Damages the EEOC seeks on behalf of the charging parties and class member Plaintiffs including back pay, compensatory damages and punitive damages.

On September 14, 2012, Source One issued an Amended Notice of Rule 30(b)(6) Deposition and added a tenth topic to the original Notice: Identify all correspondence or documents the EEOC sent to any Source One current or former employee. EEOC's Motion [Dk.#58], Ex.5.

## DISCUSSION

Federal Rule of Civil Procedure 30(b)(6) addresses discovery, in particular deposition discovery, directed to an organization. It provides that a deposition notice "must describe with reasonable particularity the matters for examination," after which the organization "must then designate one or more officers, directors or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." FED. R. CIV. P. 30(b)(6). Then, the organization must prepare the designated individuals for their depositions so that they can "testify about information known or reasonably available to the organization." *Id.*

While Rule 30(b)(6) allows for the deposition of an individual designated to testify on behalf of an organization, the scope of such discovery is limited by Rule 26 which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if

4

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Because discovery in any case may implicate the legitimate privacy interests of litigants, Rule 26 further provides that a court, upon a showing of good cause, may enter a protective order to protect any party to a lawsuit from annoyance or embarrassment. FED. R. CIV. P. 26(c). Additional limitations are imposed on discovery, including Rule 30(b)(6) depositions, by Rule 26(b)(2)(C) which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C). The burden lies with the party seeking the protective order to show good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

The EEOC seeks entry of a protective order with regard to a number of deposition topics noticed by Source One. The EEOC argues that the topics requested will elicit testimony that (1) reveals the EEOC's protected litigation strategy, (2) divulges the EEOC's privileged decision-making processes during its administrative investigations prior to the lawsuit, (3) delves into non-reviewable aspects of the EEOC's administrative

5

investigation and pre-suit determination, and (4) duplicates information already provided to Source One.  EEOC's Motion [Dkt.#58], at 1, 6-11.  The EEOC also maintains that a Rule 30(b)(6) deposition, even if proper in a case like this at some point in time, is premature until the EEOC and its expert have finished analyzing Source One's job assignment and payroll data and the EEOC has supplemented its answers to Source One's interrogatories.  EEOC's Reply [Dkt.#68] at 1, 4-5.

In large part, the Court agrees with the EEOC.  Source One already has deposed the three Charging Parties.  The primary reason for Source One's request for a Rule 30(b)(6) deposition now is to discover more about the EEOC's class-wide gender discrimination claim.  As noted above, however, the EEOC and its expert are in the process of reviewing Source One's job assignment and payroll data as part of an effort to uncover and organize information the EEOC believes is relevant to its pattern or practice claim.  Until the process is completed, the EEOC cannot provide Source One with the information it wants.  EEOC's Reply [Dkt.#68] at 1, 4-5.

As a threshold matter, a Rule 30(b)(6) deposition of the EEOC is not intrinsically improper.  The EEOC, like other litigants, is subject to a Rule 30(b)(6) deposition. The propriety of the information sought, however, depends on the specific topics identified in each individual case.  At oral argument on December 18, 2012, the EEOC agreed to supplement its answers to Source One's previously served interrogatories once the EEOC and its expert have completed their analysis of Source One's job assignment and payroll data.  It is not clear what else Source One may need from a Rule 30(b)(6) deposition after the EEOC supplements its answers to interrogatories.  The Court expects, however, and the parties do not disagree, that the EEOC's supplemental answers to Source One's

interrogatories will provide more information concerning the EEOC's class-wide, pattern or practice claims. At the very least, Source One will be able to focus any future Rule 30(b)(6) Notice on the discovery of any facts that require further explication after the EEOC has supplemented its interrogatory answers. At this time, therefore, the Rule 30(b)(6) Notice is premature.

The Court will, however, discuss the topics identified in Source One's current Rule 30(b)(6) Notice because the parties hotly dispute the discoverability of certain information, and these disputes are not likely to disappear regardless of the EEOC's supplemental answers to interrogatories. Topic No. 1 of the Amended Rule 30(b)(6) Notice seeks: "Information the EEOC obtained during its investigation of Source One." [Dkt.58], Ex.5. The information sought in Topic No. 1 is proper. At this point in this case, however, the request for all information obtained during the EEOC's investigation of Source One in Topic No. 1 is overbroad. The EEOC represents that it has produced "its Administrative file, which contains all of the non-privileged information obtained in its investigation." [Dkt.#58], Ex.3. Source One conceded at oral argument that Topic No. 1 was designed to make sure the EEOC has produced all non-privileged information it collected during its investigation. Apparently, the EEOC has done so.

Topic No. 2 seeks: "Polices, procedures and/or practices the EEOC used that determined or affected the scope of the investigation conducted and/or the Complaint the EEOC filed against Source One including, but not limited to the factors the EEOC took into account when determining the group of charging parties and class member Plaintiffs." [Dkt.#58], Ex.5. The EEOC argues that Topic No. 2 improperly delves into the sufficiency of its administrative investigation, a subject it says is off-limits under

7

controlling Seventh Circuit law.  In its response, Source One says its request is designed "to determine who the reported class claimants are, the allegation of those class claimants, their purported damaged (if any), and whether EEOC ever investigated the class claimants' individual claims as required under *EEOC v. CRST Van Expedited Inc.*, 679 F.3d 657 (8th Cir. 2012)."  Source One's Resp. in Opposition to EEOC's Motion for Protective Order [Dkt.#67], at 5.

With respect to Source One's desire to force the EEOC to identify alleged class-wide victims of discrimination, this Court already has held that the EEOC cannot reasonably be expected to identify the "class members" who were denied job assignments because of their sex or estimate the damages resulting from an alleged pattern or practice of discrimination without expert analysis of Source One's job assignment and payroll data.  That analysis is now underway. *See* [Dk.t#57].  The only remaining justification for the Topic No. 2 set forth by Source One is to examine the sufficiency of the EEOC's pre-suit investigation.  That is not a proper subject of discovery in this Circuit in light of *EEOC v. Caterpillar Inc.*, 409 F.3d 831 (7th Cir. 2005).  The Seventh Circuit specifically held in *Caterpillar*: "If courts may not limit a suit by the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation.  The existence of probable cause to sue is generally and in this instance not judicially reviewable."  *Id.* at 833.

In support of its contrary position, Source One cites cases from other Circuits and from the Seventh Circuit that pre-date *Caterpillar*.  *See EEOC v. Jillian's of Indianapolis, IN Inc.*, 279 F.Supp.2d 974, 979 (S.D. Ind. 2003); *EEOC v. CRST Van Expedited Inc.*,

679 F.3d 657 (8th Cir. 2012). Although these cases add some color to the discussion, they are not binding precedent on this Court or in the Seventh Circuit. The Seventh Circuit has made it clear, based on its decision in *Caterpillar*, that Source One cannot delve into the sufficiency of the EEOC's pre-suit investigation. Therefore, Topic No. 2 is not a proper subject for a Rule 30(b)(6) deposition.

Topic No. 3 seeks: "The names, addresses and phone numbers of all charging parties and class member plaintiffs." [Dkt.#58], Ex.5. Topic No. 9 seeks: "Damages the EEOC seeks on behalf of the charging parties and class member Plaintiffs including back pay, compensatory damages and punitive damages." [Dkt.#58], Ex.5. Source One has agreed to defer Topics Nos. 3 and 9 until after the EEOC's expert has completed its review and analysis of Source One's job assignment and payroll data and production of the expert's report. [Dkt.#58], Ex.10.

The Court also notes, however, that the information identified in these topics might be more susceptible to non-deposition discovery, at least in the first instance. For example, the names, addresses and phones numbers of all charging parties and class member plaintiffs, if properly discoverable here, easily can be obtained more efficiently in an interrogatory. As for the damages sought by the EEOC, Source One likely would get a better understanding of those figures by deposing the EEOC's damages expert after the expert finishes his or her review of the job assignment and payroll data and the EEOC produces an expert report to support its damage theories.

Topic No. 4 seeks: "The name, addresses and phone numbers of all current and former Source One employees the EEOC contacted during its investigation of Source One." [Dkt.#58], Ex.5. Topic No. 10 requests the EEOC to "[i]dentify all

9

correspondence or documents the EEOC sent to any Source One current or former employee." [Dkt.#58], Ex.5. The Court believes that Topic Nos. 4 and 10 also are better answered through serving interrogatories or document requests. Indeed, as discussed above, the EEOC has represented that all responsive, non-privileged documents have been produced with the EEOC administrative file. [Dkt.#58], Ex.3. If this is the case, and the Court confirmed that it is at the hearing on December 18, 2012, it is not clear what additional information Source One seeks to discover with Topics Nos. 4 or 10 in a Rule 30(b)(6) deposition.

Topic No. 5 seeks: "Information that supports or rebuts the EEOC's allegation in its Complaint that Source One subjected a class of female employees to a hostile work environment at the Promens USA, Inc. facility in West Chicago, Illinois." [Dkt.#58], Ex.5. Topic No. 6 seeks: "Information that supports or rebuts the EEOC's allegation in its Complaint that Source One failed or refused to refer a class of female employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex." [Dkt.#58], Ex.5. Topic No. 7 seeks: "Information that supports or rebuts the EEOC's allegation in its Complaint that Source One failed or refused to refer a class of male employees for certain job assignments, either on its own initiative or in compliance with discriminatory client requests, because of their sex." [Dkt.#58], Ex.5. Finally, Topic No. 8 seeks: "Information that supports or rebuts the EEOC's allegation in its Complaint that Source One subjected a class of female employees to different terms and conditions of employment because of their sex by assigning and/or referring them to positions with lower pay, fewer hours, and/or lesser opportunity for permanent placement." [Dkt.#58], Ex.5.

At base, Topics Nos. 5 though 8 ask the EEOC to identify all information that "supports or rebuts" the allegations in the EEOC's Complaint. Again, it is important to note again that the EEOC has represented that it already has produced its administrative file relating to its investigation, and a review of the interrogatories served by Source One, and answered by the EEOC, shows that the information sought in Topics Nos. 5 through 8 of the 30(b)(6) Notice also is covered by Source One's Interrogatories 11 through 14. [Dkt.#58], Ex.2, at 5-10. The EEOC has agreed to supplement its answers to these interrogatories. Based on this, the EEOC argues that Source One really is seeking the EEOC's counsel's impressions and legal strategy regarding how it intends to use the facts it has discovered to prove its case as a matter of law. EEOC's Motion [Dkt.#58], at 8-10.

It is clear based on the parties' briefs and the Court's own research that various courts have ruled differently on whether a Rule 30(b)(6) deposition notice with language similar to that in Source One's Topics Nos. 5 through 8 should be allowed to proceed. *Compare EEOC v. JBS USA, Inc.*, 2012 WL 169981 (D.Neb. 2012), and *EEOC v. McCormick & Schmick's Seafood Restaurant, Inc.*, 2010 WL 2572809 (D. Md. 2010) with *EEOC v. Albertson's LLC*, 2007 WL 1299194 (D. Col. 2007), and *EEOC v. Kaplan Higher Education Corp.*, 2011 WL 2115878 (N.D. Ohio 2011). Even the courts that have permitted depositions to proceed on these topics agree the EEOC is permitted to assert privilege in response to questions that delve into the EEOC's counsel's interpretation and impressions of the facts and evidence produced by the parties. *EEOC v. Albertson's LLC*, 2007 WL 1299194, at *6; *EEOC v. Kaplan Higher Education Corp.*, 2011 WL 2115878, at *3. The question is whether a deposition on the topics presented

should be permitted to proceed, subject to whatever objections the EEOC might raise to individual questions based on privilege, or whether it should be barred at the outset.

This Court concludes that the deposition should not be permitted to go forward in this case at this time subject to appropriate objections and assertions of privilege as to individual questions. The noticed topics for the deposition are so broad that they necessarily seek attorney work product and attorney-client privileged information, and it is not clear that Source One seeks anything else at this point in time, before the EEOC has had an opportunity to supplement its interrogatory answers. There is no reason that the facts relevant to the EEOC's claims should not be discovered, in the first instance, through the EEOC's answers to Source One's interrogatories, duly supplemented based on the EEOC's expert's work and otherwise. Judge Kocoras took the same approach in *Smithkline Beechham Corp. v. Apotex Corp.*, 2000 WL 116082 (N.D. Ill. 2000). In ruling on a motion to compel a Rule 30(b)(6) deposition, the district court recognized that similar information could readily have been obtained by the defendant "in a more efficient manner by propounding 'standard' interrogatories upon its opponent." 2000 WL 116082, at *9. The court further explained that in propounding interrogatories, the defendant "could obtain the same information with infinitely less intrusion upon privilege concerns, in a more workable form, and from the individuals who have actual knowledge of the matters at issue." *Id.*

A Rule 30(b)(6) deposition seeking testimony about the facts "*supporting or rebutting*" any claims necessarily would be filtered through an attorney's mental impressions. Any Rule 30(b)(6) deponent would be an EEOC attorney or an EEOC investigator prepared by an attorney with case theories and strategies inextricably

intertwined in that preparation. Although a blanket invocation of privilege is discouraged, Source One has not identified any facts other than those that likely will be set forth in the EEOC's supplemental answers to interrogatories that Source One would obtain from a 30(b)(6) deposition, other than the EEOC's own assessment of the information that would support or undercut its claims. Such an inquiry would infringe on the EEOC's attorney-client and work products privileges. *See, e.g., SEC v. SBM Investment Certificates, Inc.*, 2007 WL 609888 (D. Md. 2007); *SEC v. Buntrock*, 217 F.R.D. 441, 442 (N.D. 2003) *aff'd by* 2004 WL 1470278 (N.D. 2004); *SEC v. Rosenfeld*, 1997 WL 576021 (S.D.N.Y. 1997).

Until the EEOC supplements its answers to interrogatories, it is premature to say whether a Rule 30(b)(6) deponent could testify about other information not protected by privilege. It may be that supplemental answers to Interrogatories 11 through 14 provide all the discoverable information in the EEOC's possession to which Source One is entitled since Interrogatories 11 through 14 seek the same information identified in Topics 5 though 8 of the Notice and Amended Notice for a Rule 30(b)(6) Deposition. Alternatively, Source One may be able to frame more specific topics for a Rule 30(b)(6) deposition, if that is deemed necessary, that potentially would not invade the attorney-client or work product privileges once it receives the EEOC's supplemental answers to interrogatories.

For these reasons, the Court believes it is prudent to await the EEOC's supplemental answers to Source One's interrogatories before deciding whether a Rule 30(b)(6) deposition should proceed here. The Court is not foreclosing the possibility of a Rule 30(b)(6) deposition in the future, and Source One may serve a more narrow and

focused Amended Rule 30(b)(6) Notice if deemed necessary. The Court then can determine whether and to what extent the EEOC should prepare a witness to testify about any topics Source One may identify in such a Rule 30(b)(6) notice. But if Source One is satisfied with the information the EEOC provides in its supplemental answers to Source One's interrogatories, it may not be necessary to address the Rule 30(b)(6) issue again.

## CONCLUSION

For all of the reasons stated on the record during the December 18, 2012 hearing and incorporated by reference herein, and for the reasons discussed more specifically in the Court's Memorandum Opinion and Order, the EEOC's Motion for Entry of Protective Order barring Defendant's Notice of Rule 30(b)(6) Deposition [Dkt.#58] is granted.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 2, 2013

14