IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE ONE STAFFING, INC<br><br>Defendant. | No. 11 cv 6754<br><br>Jeffrey T. Gilbert<br>Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

In September 2007, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") initiated an investigation into allegedly discriminatory gender-based employment practices by Defendant Source One Staffing, Inc. ("Source One"). EEOC filed a lawsuit against Source One in 2011. After some hard-fought preliminary battles, the parties engaged in lengthy settlement discussions. On May 6, 2015, the Court entered a Consent Decree ("Decree") resolving the parties' dispute and memorializing the terms of their settlement. This matter is now before the Court on Source One's Motion to Clarify Consent Decree [ECF No. 180] and EEOC's Motion for Order to Show Cause Why Source One Should Not be Held in Contempt of Court [ECF No. 188] for violating the terms of the Decree. The parties' dispute centers on their conflicting interpretations of Paragraph 20(E) of the Decree. For the reasons discussed herein, Source One's Motion to Clarify [ECF No. 180] is granted. EEOC's Show Cause Motion [ECF No. 188] is denied but, construed as a motion to enforce the Consent Decree, it is granted in part.

Paragraph 20(E) of the Decree contains the following clause, the interpretation of which is at issue in the parties' dueling Motions:

> 20. For the duration of the Decree, Defendant shall maintain and make available for inspection and copying by the EEOC and the Monitor (as defined below) the following records . . . (E) A list [of] all employees with gender identification assigned to each position at each client company, pursuant to Defendant's obligation under the Day and Temporary Labor Services Act, 820 ILCS 175/12(9). [ECF No. 188-1]

Section 12(9)(a) of the Day and Temporary Labor Services Act ("Act") referenced in Paragraph 20(E) provides:

> (a) Whenever a day and temporary labor service agency sends one or more persons to work as day or temporary laborers, the day and temporary labor service agency shall keep the following records relating to that transaction: . . . (9) the race and gender of each day or temporary laborer sent by the temporary labor service agency, as provided by the day or temporary laborer. 820 ILCS 175/12(a)(9) (2007).

EEOC interprets the Consent Decree to require Source One to collect, maintain and make available to EEOC a list of its employees with information about their gender identification. EEOC argues that the Decree, in Paragraph 20(E), unambiguously contains this requirement expressly and by reference to the Act. Source One interprets the Act, and therefore the Decree, to require day and temporary labor service agencies, like Source One, to track only gender-related data that employees volunteer to their employers. According to Source One, it does not have to track such information under the Decree if its employees do not provide that information to it. Since the inception of the Decree, Source One's employees have not self-reported information about their gender and Source One has not asked them for that information. Accordingly, Source One does not maintain such data and it has not given EEOC any data on the gender of its employees pursuant to Paragraph 20(E) of the Consent Decree since the Decree was entered.

The Consent Decree calls for the appointment of a Monitor to oversee implementation of the Decree. Christopher Wilmes of Hughes Socol Piers Resnick & Dym is the Monitor. Within a month after the Decree was entered, Mr. Wilmes completed a preliminary review of Source One's documents and its policies including the manner in which it proposed to conduct its business in compliance with the Decree. On June 10, 2015, Mr. Wilmes sent Source One a letter in which he recommended that it obtain gender identification information from job applicants and maintain that information in its data base. Mr. Wilmes reads Paragraph 20(E) of the Consent Decree to contain this requirement. [ECF No. 188-1]. Source One objected on the ground that Paragraph 20(E) of the Decree did not, in its view, require it to collect or maintain that information. EEOC informed Source One that it shared Mr. Wilmes's view of Source One's obligations under Paragraph 20(E) of the Decree. [ECF No. 188-2].

The Consent Decree requires Source One to implement the Monitor's recommendations unless, within ten days of receiving a recommendation, it files an objection with the Court that the recommendation "would require Defendant to apply what would be generally acknowledged to be manifestly unsound business judgment or would be generally acknowledged to be technically not feasible." Consent Decree [ECF No. 180-1] at Paragraph 24. EEOC contends that Source One waived its right to challenge the Monitor's recommendation concerning collection of employee gender information because it did not follow the procedure provided in the Decree for doing so. Although the EEOC has a point, the Court believes it is more important to address on the merits Source One's interpretation of the Consent Decree and clarify Source One's obligations at this early point in the life of the Decree.

On the merits, the Court agrees with EEOC's and the Monitor's interpretation of Paragraph 20(E) of the Consent Decree. A day and temporary labor service agency such as

3

Source One is required to collect and maintain information about the race and gender of each day and temporary laborer it employs or sends out for work under the Act. The agency is supposed to obtain that information from the day and temporary laborers it employs or sends out for work. The reference to the Act in Paragraph 20(E) is intended to make clear that Source One's obligation under the Decree is co-extensive with the Act's requirement in this regard.

Source One, pointedly, argues "[i]n order for the EEOC to prevail in its interpretation [of the Act], the statute would have to be rewritten to provide that an employer such as Source One be required to obtain such gender information." Source One's Combined Reply [ECF No. 190] at 6. The statute, however, does not have to be rewritten because that is exactly what it says both literally and in any common sense interpretation. That also is how the Illinois Department of Labor interprets the provision of the Act in question here. *See* e-mail from John Tribble, Compliance Manager, Illinois Department of Labor [Fair Labor Standards Division] attached to EEOC's Motion [ECF 188-3] at Exhibit 3.

Consent decrees are the product of careful party negotiation. *Intern. Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 522 (1986). The agreement reached embodies a compromise between the parties to effectuate a specific purpose. *Id.* The purpose of the Decree here is to ensure that Source One does not use gender as a basis for assigning its employees work. EEOC's Motion [ECF No. 188] at 3. EEOC negotiated for the appointment of a Monitor and mechanisms to ensure that the Monitor could determine whether Source One is in compliance with the Decree. Were Source One not required to keep records of its employees' gender identification, a central purpose of the Decree would be undermined. The Monitor cannot reasonably assess whether Source One is using gender-neutral practices to place its employees unless he has accurate information concerning the gender of those employees. The Decree states

4

that "[t]he Monitor will ensure that all job assignments are regardless of gender." Consent Decree [ECF No. 180-1] at Paragraph 30. The Monitor cannot do his job effectively without gender information for employees placed by Source One.

Paragraph 20(E) of the Consent Decree clearly requires Source One to maintain and provide to EEOC a list of its employees with gender identification information. The incorporation by reference of Section 12(9)(a) of the Act effectively imposes this obligation through Paragraph 20(E) of the Decree. The Act expressly requires ("the day and temporary service agency shall keep") Source One to keep records of gender information "as provided by the day and temporary laborers." 820 ILCS 175/12(9) (emphasis added). It does not give the agency the option of obtaining or maintaining that information. It simply says that the gender information the agency is to collect and maintain should be provided by the day and temporary laborers who self-identify their gender. Source One's proposed interpretation of the Decree – that an agency does not have to keep such records if it does not ask for gender information from its employees – does not make sense in the context of the express terms and clear purpose of the Decree and the Act.

The Court declines to hold Source One in contempt of the Consent Decree, as urged by EEOC, because of its misinterpretation of the Decree. The Decree contains a dispute resolution mechanism in Paragraph 42. If the parties cannot work out their dispute, the complaining party "may apply to the Court for appropriate relief." *Id.* In this instance, the Court does not agree with EEOC that "appropriate relief" is a finding of contempt. Source One says it is not collecting or tracking gender information for its employees because it does not want to run afoul of the laws that led EEOC to sue it in the first place. When the Monitor and EEOC disagreed with Source One's position, Source One invited the EEOC to file a joint motion with the Court

asking for clarification. The EEOC declined that invitation and, instead, filed a motion for a rule to show cause. Although the Court does not believe that a contempt finding is appropriate here, it construes EEOC's filing as a motion for relief in the nature of enforcing the Consent Decree under Paragraph 42 of the Decree, and grants that motion.

The Court, however, denies EEOC's request for its attorneys' fees because, among other reasons, the Decree does not appear to provide that a complaining party can recover its attorneys' fees in connection with a motion for "appropriate relief" under Paragraph 42. Rather, the Decree, in Paragraph 45, says that each party shall bear its own attorneys' fees and costs. *See* Consent Decree [ECF No. 180-1].

One issue remains – EEOC's request that the Court extend the duration of the non-monetary portions of the Consent Decree by the amount of time it takes Source One to come into compliance with Paragraph 20 of the Decree. The Court agrees that is a sensible and reasonable request. Otherwise, EEOC will be deprived of the benefit of its bargain with Source One, memorialized in the Consent Decree, for the full term during which Source One agreed to comply with the Decree. It is not clear, though, how much of an extension should be granted or what information, if any, Source One must report to the EEOC for the period of time it did not collect or maintain gender information for its employees. The Court will discuss these issues with the parties at the hearing scheduled for November 10, 2015, at 1:00 p.m.

Therefore, for all of the reasons set forth above, Source One's Motion to Clarify [ECF No. 180] is granted, EEOC's Motion for Order to Show Cause [ECF No. 188] is denied but, construed as a motion to enforce the Consent Decree, it is granted in part. Source One is obligated under the Decree to obtain and maintain a record of its employees' self-reported gender information and provide such information to EEOC and the Monitor. The Court will discuss

with the parties an appropriate extension of the duration of the non-monetary provisions of the Decree and what information, if any, that Source One must provide to the EEOC for the period of time it did not collect or maintain gender information for its employees at the November 10, 2015, hearing.

    It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 9, 2015